IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PEDRO TERREFORTE,

          Plaintiff,

v.

CHARLES ERICKSON, et al.

          Defendants.

Civil Action

No. 05-4041

**MEMORANDUM / O R D E R**

March   , 2006.

Now before the court is the plaintiff's motion for the appointment of counsel in connection with his habeas action in which he asserts that an illegal sentence was imposed upon him by a Philadelphia Common Pleas court.  In 1983, Terreforte pled guilty to rape, 18 Pa. Cons. Stat. § 321, and involuntary deviate sexual intercourse, 18 Pa. Cons. Stat.. § 3123.[1]  Both crimes are felonies of the first degree, the maximum sentence for which is twenty years.  18 Pa. Cons. Stat. § 1103.  The sentencing court sentenced Terreforte to a term of 7.5 to 15 years for the rape conviction and 5 to 10 years for the

---

[1] Terreforte also pled guilty to possession of an instrument of a crime, 18 Pa. Cons. Stat. § 907(a), but the sentence for that infraction was suspended by the sentencing court and, consequently, is not now at issue.

1

involuntary deviate sexual intercourse conviction. In so doing, the court pronounced that the sentences would run consecutively. Terreforte claims that this sentence is invalid because it is contrary to Pennsylvania's Mandatory Minimum Sentencing Act, 42 Pa. Cons. Stat. § 9712 (1983).

Although there is no right to counsel in civil cases, a District Court has considerable discretion in determining whether to appoint counsel under 28 U.S.C. § 1915(e)(1). *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997). In *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), the Third Circuit espoused a multi-factor test to guide courts' discretionary decisions in appointment of counsel matters. The preliminary question in that inquiry, however, is whether the plaintiff's claims "have some merit in fact and law," 126 F.3d at 457, and Terreforte's claims fail at this initial stage for want of legal merit.

Terreforte claims that the sentencing court imposed an illegal sentence by deviating from Pennsylvania's Mandatory Minimum Sentencing Act ('the Act"), 42 Pa. Cons. Stat. § 9712 (1983). The Act requires that a court not sentence an individual who is convicted of rape and/or involuntary deviate sexual intercourse, *inter alia*, for a period of less than five years if the individual "visibly possessed a firearm during the commission of the offense." *Id.* § 9712(a); *see also McMillan v. Pennsylvania*, 477 U.S. 81 (1986).[2]

---

[2] Section 9712 (1983) provides in full:

(a) Mandatory sentence.--Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter,

2

Terreforte argues that the sentencing court improperly deviated from the Act by

---

> rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) (relating to aggravated assault) or kidnaping, or who is convicted of attempt to commit any of these crimes, shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.
>
> (b) Proof at sentencing.--Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.
>
> (c) Authority of court in sentencing.--There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.
>
> (d) Appeal by Commonwealth.--If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.
>
> (e) Definition of firearm.--As used in this section "firearm" means any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the expansion of gas therein.

concluding that he should be sentenced in excess of the minimum. By the terms of the Act, however, § 4712(a) only precludes sentences *below* five years. On each count, Terreforte was sentenced above the Act's five-year minimum (and below the twenty-year maximum set by 18 Pa. Cons. Stat. § 1103) so neither portion of the sentence was contrary to Pennsylvania law. Consequently, Terreforte's challenge to his sentence is facially without legal merit, and his motion for the appointment of counsel is accordingly **DENIED**.

BY THE COURT:

s/ Louis Pollak_____
LOUIS H. POLLAK           J.